UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


FARON ANTOINE POLK,

      Petitioner,

v.                                                    CASE NO. 6:04-cv-1020-Orl-18KRS

SECRETARY, DEPARTMENT OF CORRECTIONS, et al.,

      Respondents.

_____

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section

2254. Upon consideration of the petition, the Court ordered Respondents to show cause

why the relief sought in the petition should not be granted. Thereafter, Respondents filed

a timely response to the petition for writ of habeas corpus in compliance with this Court's

instructions and with the *Rules Governing Section 2254 Cases in the United States District*

*Courts* (Doc. No. 9). Petitioner then filed reply (Doc. No. 13).

Petitioner alleges essentially five claims for relief in his habeas petition: first, that

his burglary conviction was improper; second, that he received ineffective assistance of trial

counsel; third, that the trial court gave erroneous jury instructions; fourth, that the jurors

were not sworn prior to voir dire; and fifth, that he received ineffective assistance of

appellate counsel.

*Procedural History*

Petitioner was charged by amended information with one count of burglary of a dwelling with an assault or battery with a weapon. A jury trial was held, and Petitioner was found guilty as charged. The trial court adjudicated Petitioner guilty of burglary of a dwelling with an assault or battery with a weapon and sentenced him to life imprisonment.[1] Petitioner then filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed in a written opinion. *See Polk v. State*, 825 So. 2d 478 (Fla. 5ᵗʰ DCA 2002).

Petitioner next filed a motion for postconviction relief with the state trial court, which was denied. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*.

Petitioner subsequently filed a petition for writ of habeas corpus with the state appellate court, which was denied.

*Applicability of 28 U.S.C. Section 2254(d)*

Section 2254(d) provides as follows:

(d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[1] Petitioner was found to be a prison releasee reoffender.

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Consequently, if a claim was adjudicated on the merits in the state court, this Court may grant habeas corpus relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"[2] or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." *See* 28 U.S.C. §§ 2254(d)(1) and (2); *see also Williams v. Taylor*, 529 U.S. 362 (2000). Thus, this Court must consider four elements: (a) the governing legal principle relied upon by the state court; (b) whether the state court's decision was contrary to governing United States Supreme Court precedent; (c) whether the state court unreasonably applied the governing United States Supreme Court precedent; and (d) whether the state court made a unreasonable

---

[2]In *Bell v. Cone*, 535 U.S. 685, 694 (2002), the United States Supreme Court discussed the meaning of "contrary to" and "unreasonable application" as used in 28 U.S.C. § 2254(d):

As we stated in *Williams*, § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one.

determination of the facts. *See Wellington v. Moore*, 314 F.3d 1256, 1260 (11th Cir. 2002); *see also* 28 U.S.C. § 2254(d).

**A.    Claim One**

Petitioner alleges that his burglary conviction was improper because he was convicted of a crime that did not occur. Specifically, Petitioner argues that, although he had his arm inside the window of the dwelling, he did not actually enter the dwelling; therefore, a burglary did not occur.

Petitioner raised this claim on direct appeal, and the appellate court denied the claim, finding that Petitioner entered the dwelling by putting his hand inside the window. The appellate court's holding is supported by *State v. Spearman*, 366 So. 2d 775 (Fla. 2nd DCA 1978). Here, the evidence showed that Petitioner put his hand inside the broken window, and, consequently, there was sufficient evidence to prove the element of entering in the instant case.

Clearly, Petitioner's claim is precluded by section 2254(d). In considering this claim, the appellate court did not apply a rule that contradicted the governing law set forth in the cases of the United States Supreme Court. Furthermore, there is no indication that the result reached by the state court was at odds with any United States Supreme Court case which considered "materially indistinguishable facts." Finally, the state court's application of the clearly established law regarding this claim was objectively reasonable.

**B.    Claim Two**

Petitioner contends that he received ineffective assistance of counsel because of the

4

following:  1) counsel failed to move for a judgment of acquittal and failed to offer any argument in support of a motion for a judgment of acquittal; 2) counsel forced him to elect not to testify by threatening to withdraw if he did so; 3) counsel failed to object when the jurors were not sworn in prior to voir dire; 4) counsel failed to call exculpatory witnesses at trial and to locate these witnesses; and 5) counsel failed to request a jury instruction on the defense of duress or coercion.

1.    *Governing Principle*

The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance.  The first prong of the *Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.  The second prong of the *Strickland* test requires the defendant to show that the deficient performance prejudiced the defense. *Id.* at 687.  A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Id.* at 689-90.

2.    *Discussion*

Issue one was raised on direct appeal, and issues two through five were raised in Petitioner's motion for postconviction relief.  All of these issues were denied.  The state appellate court affirmed the trial court's denial of issues two through five. The Court finds that these issues must be denied under section 2254(d).

5

Utilizing the standards set forth in *Bell* and *Williams*, this Court finds that the state court's decision was not "contrary to" the governing legal authority.[3] The state courts, which correctly identified *Strickland* as the controlling legal authority on claims of ineffective assistance of counsel, did not reach an opposite conclusion from the United States Supreme Court on a question of law. Additionally, Petitioner has not cited to any decision of the United States Supreme Court that, faced with materially indistinguishable facts, reached a decision different from the state court's in this case. Therefore, the state courts' decisions were not "contrary to" governing United States Supreme Court precedent.

Furthermore, the Court is unable to say that the state courts' application of *Strickland's* attorney performance standard was objectively unreasonable. As noted in *Bell*, "an unreasonable application is different from an incorrect one." *Bell*, 535 U.S. at 694. This Court may not grant the writ simply because it determines that the state court erroneously or incorrectly applied the correct governing law. Relief is only warranted if the application was unreasonable. *Id.* Under this demanding standard, the state courts' determination that, with regard to each issue, Petitioner did not show either deficient performance by his counsel or prejudice was reasonable.

3.     *Issue One*

Petitioner argues that counsel failed to move for a judgment of acquittal and failed

_____

[3]The Court notes that a state court is not required to cite Supreme Court cases or even be aware of the cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).

to offer any argument in support of a motion for a judgment of acquittal. In the present case, counsel informed the trial court that there would be no motion for a judgment of acquittal because she could find no case law to support such a motion. (Transcript of Trial at 199.) The trial court replied that it would deem counsel's statement to be a motion for a judgment of acquittal but would deny the motion. After the defense rested, counsel renewed the motion, which was again denied. *Id.* at 220. Here, Petitioner's counsel did raise a motion for a judgment of acquittal both after the State rested and after the defense rested. Under the circumstances, Petitioner has not shown that counsel's conduct was unreasonable or that he sustained prejudice with regard to this matter.

    4.    *Issue Two*

Petitioner avers that counsel forced him to elect not to testify by threatening to withdraw if he did so. However, during the trial, Petitioner acknowledged that it was his decision not to testify. (Transcript of Trial at 200, 205.) Further, during the *Nelson*[4] inquiry, counsel testified that she and Petitioner discussed whether Petitioner should testify and that, after considering all the factors, Petitioner chose not to testify. (Transcript of Sentencing at 13.) The record reflects that Petitioner understood that it was his decision whether to testify and that he decided, based on counsel's advice, not to testify. Consequently, there has been no showing of ineffectiveness on the part of counsel with regard to this matter.

---

    [4]*Nelson v. State*, 274 So. 2d 256 (Fla. 4th DCA 1973).

7

5.    *Issue Three*

Petitioner maintains that counsel failed to object when the jurors were not sworn in

prior to voir dire. However, the record reflects that, after the venire entered the courtroom,

the trial court asked the clerk if they had already been sworn; the clerk replied that they

had been sworn. (Transcript of Trial at 10.)  Therefore, there has been no showing of

ineffectiveness with regard to this matter.

6.    *Issue Four*

Petitioner indicates that counsel failed to call exculpatory witnesses at trial and to

locate these  witnesses.  Petitioner avers that he provided counsel with the contact

information for Cynthia Green and Tammy Moore, who would have testified that the

victim knew Petitioner prior to the incident, which thereby could have caused the jury to

disbelieve the victim's testimony.

At trial, counsel informed the trial court that she had been unable to serve Ms. Green

and that she was unable to locate Ms. Moore. (Transcript of Trial at 205, 207.)  Mr. Green

provided an address during a conversation with counsel, but counsel was unable to serve

her at the address. *Id*. at 205.  An investigator with the public defender's office was unable

to locate Ms. Moore. *Id*.  at 207.  Counsel further stated that, even the night before trial,

Petitioner himself had been unable to contact the witnesses. *Id*. at 205.

Obviously, counsel made diligent efforts to locate the witnesses.   Under the

circumstances, it is clear that counsel was not ineffective with regard to this matter.

8

7.    *Issue Five*

Petitioner contends that counsel failed to request a jury instruction on the defense of duress or coercion. However, the evidence at trial did not establish that Petitioner was in imminent and impending danger; thus, there was no basis to request such an instruction. Consequently, counsel was not ineffective with regard to this matter.

8.    *Conclusion*

The Court finds that, with regard to each issue identified above, trial counsel's conduct was reasonable and/or that Petitioner has not shown prejudice. Certainly, Petitioner has not demonstrated, and this Court is unable to conclude, that the state court's decision was either "contrary to" or an "unreasonable application of" *Strickland*.

9.    *Determination of Facts*

Finally, Petitioner has not demonstrated that the state court made an unreasonable determination of the facts.[5] "To establish that habeas relief is warranted on the § 2254(d)(2) ground that the state court's decision was based on an 'unreasonable determination of the facts in light of the evidence presented in the sate court proceedings,' a petitioner must rebut by clear and convincing evidence the § 2254(e)(1) presumption that a state court's factual findings are correct." *Foster v. Johnson*, 293 F.3d 766, 776-77 (5th Cir.) (citation omitted), *cert. denied*, 537 U.S. 1054 (2002); *Torres v. Prunty*, 223 F.3d 1103, 1108 (9th Cir. 2000)

---

[5]"The special prophylaxis of section 2254(d)(2) applies only to determinations of basic, primary, or historical facts. Inferences, characterizations of the facts, and mixed fact/law conclusions are more appropriately analyzed under the "unreasonable application" prong of section 2254(d)(1)." *Ouber v. Guarino*, 293 F.3d 19, 27 (1st Cir. 2002) (citation omitted) (quotation omitted).

(stating that in order for a federal district court to conclude that a state court's factual determination was unreasonable under § 2254(d)(2), the federal court must be "left with a 'firm conviction' that the determination made by the state court was wrong and that the one [the petitioner] urges was correct"); *see also* 28 U.S.C. § 2254(e)(1).

Here, nothing in the record (or in Petitioner's submissions) suggests that the trial court's factual findings were unreasonable. Further, Petitioner has failed to rebut the presumption of correctness accorded the trial court's factual findings. Because he has not denigrated the trial court's factual findings, the Court cannot conclude that the trial court's decision was based on an unreasonable determination of the facts. Based on the foregoing, it is clear that claim two must be denied under section 2254(d).

C.    *Claim Three*

Petitioner argues that the trial court gave erroneous jury instructions. This claim was raised in Petitioner's motion for postconviction relief, and the state trial court found that it was procedurally barred.

The federal court must dismiss those claims or portions of claims that either (1) have been explicitly ruled procedurally barred by the highest state court considering the claims,[6] or (2) are not exhausted but would clearly be barred if returned to state court.[7] Thus,

---

[6]*Harris v. Reed*, 489 U.S. 255, 261 (1989).

[7]*See, e.g., Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims);

"[f]ederal courts are precluded from addressing claims that have been held to be procedurally defaulted under state law. In addition, federal courts may not address claims that have not been presented in state court if the state court would have found the claims to be procedurally defaulted . . . ." *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993)

Petitioner's claim is procedurally barred because the trial court so determined in its order denying Petitioner's motion for postconviction relief, and the state appellate court affirmed *per curiam*.[8] The denial on procedural bar grounds was a correct application of Florida law.

There are two exceptions to the procedural default bar. The first is the "cause and prejudice" exception;[9] the second, which is a narrow one, is the "actually innocent" exception, also known as the "fundamental miscarriage of justice" exception, used in extraordinary circumstances. *See Johnson v. Singletary*, 938 F.2d 1166, 1174-75 (11th Cir. 1991), *cert. denied*, 506 U.S. 930 (1992).

---

*Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990), *cert. denied*, 499 U.S. 982 (1991) ("[w]hen a claim is never presented to the state court *Teague* does not require that the last state court rendering judgment `clearly and expressly' state that its judgment rests on a procedural bar.").

[8]A *per curiam* affirmance of a trial court's finding of a procedural default is a sufficiently clear and express statement of reliance on an independent and adequate state ground to bar consideration by the federal courts. *See Harmon v. Barton*, 894 F.2d 1268, 1273 (11th Cir.), *cert. denied*, 498 U.S. 832 (1990).

[9]*See Engle v. Isaac*, 456 U.S. 107, 129 (1982) ("when a procedural default bars state litigation of a court claim, a state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice."); *see also Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992) (the petitioner must demonstrate cause and prejudice for failing to raise instances of ineffective assistance of counsel with the state court).

In the present case, Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actually innocent exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, this claim is procedurally barred.

**D.   Claim Four**

Petitioner states that the jurors were not sworn prior to voir dire. This claim was raised in Petitioner's motion for postconviction relief, and it was denied on the merits.

As discussed above, the record reflects that, after the venire entered the courtroom, the trial court asked the clerk if they had already been sworn; the clerk replied that they had been sworn. (Transcript of Trial at 10.) Petitioner simply has not presented any evidence that the jurors were not sworn prior to voir dire.

Clearly, Petitioner's claim is precluded by section 2254(d). In considering this claim, the state court did not apply a rule that contradicted the governing law set forth in the cases of the United States Supreme Court. Furthermore, there is no indication that the result reached by the state court was at odds with any United States Supreme Court case which considered "materially indistinguishable facts." Finally, the state court's application of the clearly established law regarding this claim was objectively reasonable.

**Claim Five**

Petitioner avers that he received ineffective assistance of appellate counsel because counsel failed to file a motion for rehearing after the appellate court issued its ruling on

direct appeal.

This claim is without merit. "The Sixth Amendment does not guarantee effective assistance in pursuing motions for rehearing after denial of a direct appeal. [T]he right to appointed counsel extends to the first appeal of right, and no further. Thus, the failure of petitioner's counsel to seek rehearing before the [appellate court] cannot constitute ineffective assistance of counsel in violation of the Sixth Amendment." *Alley v. Bell,* 101 F. Supp. 2d 588, 665 (W.D. Tenn. 2000), *affirmed,* 307 F.3d 380 (6th Cir. 2002), *cert. denied,* 540 U.S. 839 (2003) (citations omitted) (quotations omitted).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.     The Petition for Writ of Habeas Corpus filed by Faron Antoine Polk is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2.     The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this ⟋⟋ day of July, 2005.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

13

Copies to:
pslc 7/11
Counsel of Record
Faron Antoine Polk